UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00608-FDW-DSC

| | |
|---|---|
| SYLVIA MARSHALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| CAROLYN W. COLVIN, ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 11) and Defendant Acting Commissioner of Social Security Carolyn Colvin's Motion for Summary Judgment (Doc. No. 16). On June 4, 2015, the Court granted the parties leave to file supplemental briefs limited to addressing the potential impact of the Court of Appeals decision in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015). (Doc. No. 19). Pursuant to 28 U.S.C. § 636 (b)(1)(B), these motions were referred to the magistrate judge for issuance of a Memorandum and Recommendation ("M&R") for disposition (Doc. No. 22). The M&Rr espectfully recommends Plaintiff's Motion be granted, Defendant's Motion be denied, and the Commissioner's decision be affirmed. After Defendant filed objections to the M&R (Doc. No. 23), and Plaintiff filed a response to Plaintiff's Objections (Doc. No. 24), this matter is now ripe for review. For the reasons set forth, the Court OVERRULES Defendant's objections, ACCEPTS and ADOPTS the M&R, GRANTS Plaintiff's Motion for Summary Judgment, DENIES Defendant's Motion for Summary Judgment, and REVERSES the Commissioner's decision and remands this matter for proceedings consistent with the M&R and this Order.

1

## BACKGROUND

Defendant does not lodge any specific objections to the procedural history section contained in the M&R. Therefore, the portion of the M&R entitled "Procedural History" is hereby adopted and incorporated by reference as if fully set forth therein.

After Defendant denied Plaintiff's application for a period of disability, disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"), Plaintiff filed the instant action seeking review of that decision, arguing – among other things – that the decision failed to account for her moderate difficulty with concentration, persistence, or pace. (Doc. No. 20). The M&R, relying on the recent Fourth Circuit Court of Appeals decision in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), recommended to this Court that this matter be remanded for a new hearing because the Administrative Law Judge ("ALJ") failed to explain why Plaintiff's moderate limitation in concentration, persistent or pace did or did not translate into a limitation in her residual functional capacity. Defendant objected to the M&R, asserting that the M&R erroneously applied a "per se rule" that the Mascio decision specifically precluded.

## STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of the Commissioner's final decision to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). This Court does not review a final decision of the Commissioner *de novo*. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "[I]it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute

its judgment for that of the Secretary if his decision is supported by substantial evidence." Hays, 907 F.2d at 1456; Rhyne, 2011 WL 1239800 at *2.

As noted above, this matter was first referred to the magistrate judge for M&R. The Federal Magistrate Act states that a district court "shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). *De novo* review is not required, however, "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see also Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Furthermore, no review is required of those portions of the M&R which are not subject to an objection. Homesley v. Freightliner Corp., 122 F. Supp. 2d 659, 660 (W.D.N.C. 2000) (citing Thomas v. Arn, 474 U.S. 140, 149 (1985)).

Upon careful review of the record, the district court may accept, reject, or modify the findings or recommendations made by the magistrate judge. Camby, 718 F.2d at 200. Based on the foregoing, the Court has thoroughly reviewed the M&R and conducted a *de novo* review of those parts of the M&R that are subject to an objection.

**ANALYSIS**

The sole question before this Court is whether the M&R incorrectly applied a per se rule not contemplated under Fourth Circuit precedent in Mascio. The Court disagrees with Defendant's objection and finds the M&R does not state a per se rule to the extent argued by Defendant. Instead, it appears that the M&R correctly applied the principles set forth in Mascio.

In Mascio, the Fourth Circuit held the hypothetical tendered to the vocational expert was legally insufficient because the ALJ failed to explain why the plaintiff's moderate mental

3

limitation in concentration, persistence, or pace did not translate into the residual functional capacity analysis. 780 F.3d at 638. The court found that an ALJ does not sufficiently account for a claimant's limitation in concentration, persistence, or pace by simply limiting the hypothetical to simple or unskilled work. Mascio, 780 F.3d at 638 (citing Winschel, 631 F.3d at 1180 (joining the Third, Seventh, and Eighth Circuits)). On the other hand, where an ALJ finds that the concentration, persistence, or pace limitation does not affect the claimant's ability to work, then exclusion of the limitation from the hypothetical tendered to the vocational expert is appropriate. Mascio, 780 F.3d at 638; see also Winschel, 631 F.3d at 1180 ("But when medical evidence demonstrates that a claimant can engage in simple, routine, tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations."). The Mascio Court remanded because the ALJ provided no explanation *at all* regarding whether the claimant's limitation affected her residual functional capacity. Mascio, 780 F.3d at 638.

As Plaintiff explains, the ALJ found Plaintiff to have moderate limitations in concentration, persistence or pace. The ALJ never implicitly accounted for Plaintiff's limitation in concentration, persistence, or pace in the posed hypothetical nor did the ALJ adequately explain how these moderate limitations affect her ability to stay on task. While Defendant asserts several reasons to support the ALJ's decision, it is not within the province of this Court to mine the record to uphold a decision absent any explanation from the ALJ. See Brown v. Colvin, No. 14-2106, 2016 WL 502918, at *2 (4th Cir. Feb. 9, 2016) ("[W]e do not accept [the plaintiff's] and the Commissioner's invitations to review the medical record de novo to discover facts to support or refute the ALJ's finding at Step Three, and it was error for the district court to do so. Instead, we remand to avoid engaging in fact-finding 'in the first instance' and to allow the ALJ to further develop the record

4

so that we can conduct a meaningful judicial review in the event the case returns to us.") (citing Radford v. Colvin, 734 F.3d 288 (4th Cir. 2013)). In remanding, the Court expresses no opinion as to whether the ALJ should or should not reach a different result on the ultimate question of disability.

## III. CONCLUSION

**FOR THE FOREGOING REASONS,** IT IS THEREFORE ORDERED that the Court ADOPTS the M&R, GRANTS Plaintiff's "Motion for Summary Judgment" (Doc. No. 11), DENIES Defendant's "Motion for Summary Judgment" (Doc. No. 16); and therefore, the Commissioner's decision is **REVERSED,** and this matter be **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

Signed: March 21, 2016

Frank D. Whitney
Chief United States District Judge